IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JASON ISSAC WEST, )
    Plaintiff )
  )
vs. ) C.A.No. 08-203 Erie
  )
RAYMOND SOBINA, et al. ) Magistrate Judge Baxter
    Defendants. )

# MEMORANDUM OPINION [1]

Magistrate Judge Susan Paradise Baxter

### A.   Relevant Procedural History

On July 14, 2008, Plaintiff, a prisoner, filed the instant action *pro se*. Plaintiff alleges that Defendants "denied and hindered adequate medical attention" following an elbow injury in violation of his Eighth Amendment rights. Document # 7. Named as Defendants are: Superintendent Raymond Sobina, Deputy Superintendent S.L. Heaster, Nurse Jean Puhl and Nurse Joan Delie (the Commonwealth Defendants) and Rhonda Sherbine and Dr. Robert Maxa (the Medical Defendants). As relief, Plaintiff seeks monetary damages.

The Commonwealth Defendants and the Medical Defendants are represented separately and have each filed a motion to dismiss. Document ## 21, 27. Plaintiff has filed a Brief in Opposition to the pending dispositive motions. Document # 31. The medical Defendants have filed a Reply Brief. Document # 32.

The issues are fully briefed and are ripe for disposition by this Court.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment. Documents ## 5, 30 and 35.

1

**B.     Standards of Review**

      **1.     *Pro se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

      **2.     Motion to dismiss pursuant to 12(b)(6)**

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, ___ 127 S.Ct. 2197, 2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it

does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, ___, ___ S.Ct. ___, ___ 2009 WL 1361536 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 556, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 22, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 232, quoting Twombly, 550 U.S. at 556 n.3.

**C.     The Eighth Amendment Claim**

All Defendants move to dismiss this action based upon Plaintiff's failure to state a claim under the Eighth Amendment.

3

In the medical context, a constitutional violation under the Eighth Amendment occurs only when state officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Correction Institute Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). A serious medical need may also be found to exist where the denial or delay of treatment results in "unnecessary and wanton infliction of pain." Id.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S at 104. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury" White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990). Mere misdiagnosis or negligent treatment is not actionable under §1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976).

Here, according to the allegations of the complaint, Plaintiff's elbow was injured during a basketball game on July 11, 2006, and he immediately went to medical where he saw Nurses Sherbine and Puhl. Plaintiff was given an arm-sling, ice, and ibuprofen. The following day, Plaintiff's elbow was x-rayed revealing no fracture or dislocation. On July 18th, Plaintiff went back to medical, spoke to Dr. Maxa, and returned the sling complaining that it caused him more pain. On July 21st, Plaintiff was seen by Sherbine and complained of pain. On July 24th, Plaintiff was again x-rayed and was given ice and ibuprofen. Plaintiff alleges he continued to go to the Medical Department on August 8th, August 29th, and October 3rd, all the while

4

complaining of pain and severely limited range of motion in his elbow. On October 30th, a CT scan was conducted at Kane Community Hospital. On November 2nd, Dr. Maxa saw Plaintiff notifying him of a fracture and explaining the need for surgery which was conducted on November 16th. Plaintiff alleges that he was in constant pain from July 11th through November 16th and that this lapse in time constitutes cruel and unusual punishment under the Eighth Amendment.

Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted. During the time period at issue, Plaintiff was repeatedly given medical attention. The fact that a fracture was not immediately discovered does not rise to the level of an Eighth Amendment violation. Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners. Durmer, 991 F.2d at 67 (citations omitted). "[M]ere disagreements over medical judgment" do not rise to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Furthermore, deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D.Pa. Oct.13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir.1979), quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir.1977).

Accordingly, the motions to dismiss for failure to state a claim will be granted.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ISSAC WEST,<br>    Plaintiff<br><br>vs.<br><br>RAYMOND SOBINA, et al.<br>    Defendants. | C.A.No. 08-203 Erie<br><br>Magistrate Judge Baxter |

**O R D E R**

AND NOW, this 4th day of June, 2009;

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendants Sobina, Heaster, Puhl and Delie [Document # 21] is granted.

IT IS FURTHER ORDERED that the motion to dismiss filed by Defendants Sherbine and Maxa [Document # 27] is granted.

The Clerk of Courts is directed to close this case.

                    S/ Susan Paradise Baxter
                    SUSAN PARADISE BAXTER
                    United States Magistrate Judge